The 4th District Appellate Court of the State of Illinois has reconvened. The Honorable Robert J. Steigman presiding. Thank you, Mr. Bailiff. Our case this afternoon is 425-0137 Sayaka Thu v. Aldrin J. Argosino. And I'd ask counsel for the appellant, please identify yourself. Leanne Duncan for Sayaka Thu, the appellant. Thank you. And counsel for the appellee, please identify yourself. Aaron Burke and Eric Carlson for the appellee. Will you be the only one arguing, Mr. Burke? Yes. Okay, then Ms. Duncan, you may proceed on behalf of the appellant. Thank you. Good afternoon. My name is Leanne Duncan for the appellant Sayaka Thu. May it please the court, the appellant brings this interlocutory appeal seeking a reversal of the trial court and to vacate the temporary injunctive order entered in the trial court in her pending family case. The three main bases Ms. Thu is seeking this appeal are, first, that this injunctive order was entered without procedural due process. Second, the motion to vacate the temporary injunctive order was filed timely and the trial court erred in finding that it was untimely. And third, that the temporary injunctive order was not an agreed order and the trial court erred in failing to recognize that it was not agreed and absent an agreement, there was no procedural due process and the order should have been found void and vacated. Starting with just a snapshot of how this order was entered, this order, this temporary injunctive order was entered as a result of a routine status call, a general status call where parties are one of many case to address the court with just a brief oral recitation of where things stand. And in this case, in this instance, that included the guardian ad litem appointed for the child in this case who gave an oral status of the status of her investigation and included some recommendations regarding counseling for the parties and the party's minor daughter. And as a result of these recommendations, this temporary injunctive order with this language regarding counseling that said issue was entered. So looking first at how it was entered without procedural due process, the first basis, I think the court really has to look at three main considerations. First, whether this injunctive order is to address an important interest. Second, whether the parties had noticed that this relief could have been granted on this day. And third, whether the parties had an opportunity to be meaningfully heard before the court entered this order. And turning first to the consideration of important interest, this order says that the language specifically in the injunction that is at issue says, quote, over petitioner's objection, the minor child and the party shall begin counseling with Roseanne Oppmann, the counselor that the guardian ad litem recommended, and the child shall not use any of her current counselors, including the counselor at Rockford Sexual Assault Counseling, for further counseling services. So this order says that this child cannot continue with a counselor she's been established with. In a case where it's clear from the GAL's comments, there's been a long history of allegations of abuse by this child saying that Mr. Augustino, the appellee, has been abusive towards her. And this order says she has to go to this different counselor. And there's no consideration of whether this is in the child's best interest, whether this counselor is an appropriate counselor under these circumstances and is better suited than the specialized sexual assault counselor she has already been established with to address this situation, to provide counseling that would be appropriate and not harmful. And also, there was no opportunity to put before the court whether even just the way this order is entered caused harm to this child. It's- Do you want to take this opportunity to address the GAL's concerns with that original sex abuse counselor? Well, I can. The GAL did state her concerns, but she was the only one that got a chance to state her position. And the parties didn't have an opportunity to give their perspective on the abuse allegations. I mean, there's not only never been a hearing on the counseling issue, there's never been a hearing on the allegations of abuse that have come up. So it's really hard to rely on just the courts, just the GAL's statements at this status hearing, kind of off-the-cuff statements to know whether this was an appropriate order. And I think that's really not what's at issue here is not just whether this is an appropriate order, because that's never been heard. It's whether this order was entered in a way that's procedurally fair. And you also indicated that you have a concern whether or not the child's best interest was taken into account when changing the counselor. That's based upon the fact that it was merely a status hearing. Am I understanding your argument correctly? That's right. Okay. And like I just said, I mean, this was a recommendation made at a status hearing. And from the guardian-in-law's comments, it was clear this was also the first time she was making these recommendations. And the parties had no notice that this was going to be addressed on this day. There was no motion or petition pending or filed at any time. There never has been. And even the guardian-in-law's comments were that this was her recommendation, but she anticipated that councils would want to consult with their clients. And parties would want to have the opportunity to their attorneys based on this recommendation. And so there was no note. And it's not typical for substantive relief to be entered at a status hearing. That's not generally the expectation at a status hearing. Parties don't generally come prepared with evidence for the court to make these decisions. And moving on to whether there was an opportunity to be meaningfully heard on this important interest, as I said, there was not. There was no opportunity that day. And there was no opportunity. I mean, there was never a hearing held on this issue. And so we just had these comments by the GAL. And then this order was entered two months later with this language in it stating it was entered over petitioner's objection. There was never a hearing held to give her an opportunity to state before the court the basis for her objection. So it's an order entered without procedural due process. Moving to the the standard for timeliness for asking the court to vacate a temporary order is before a final order or judgment. And that's not the standard that seemed to be applied that was applied here. The appellee filed a motion to dismiss petitioner's motion to vacate in the trial court saying that it was more than 30 days from when the order, the injunctive order was entered and therefore untimely, but and cited the 30 days under section 2-1301E of the Code of Civil Procedure. But 1301 is a section that applies to judgments. 1301E says that a party has to within 30 days file a motion to vacate a final order or judgment. So that's the standard for final orders or judgments, which this is not what's at issue here. The order at issue here is a temporary order and there's never been a question about whether it's temporary or not. Even in their own in their motion, counsel said, quote, the orders entered by the court are temporary orders in nature and therefore cannot be vacated as they are not final orders or judgments. So the court, in granting their motion to dismiss, applied the wrong standard and any kind of notion of just fairness in the delay in filing the motion would just not be procedurally fair to apply in this case. We're looking at the broader view. It's five years this case has been pending with no final resolution, no judgment. There's been many petitions and motions filed that have just kind of sat there with nothing happening, even just looking at the way this injunctive order was entered. It was entered as a result of the March 20th court appearance and then the order isn't submitted or entered until two months later. So it would be just not procedurally fair to just arbitrarily against one party use the standard of timeliness. And again, that's what this comes down to is whether this was entered in a way that's procedurally fair. And that leads me to the third basis, which is that this injunctive order is not an agreed order as the trial court, the trial court did not find that it was not agreed. And the standard is under the local rules as appellant's brief outlines. The local rules, the Illinois Supreme Court say that there are distinctions between a agreed order and an order that just memorializes a court's order and is approved as to form. And looking at the face of the order here in this case, the order says it's result of this March 20th proceeding. It says that this injunctive language is entered over petitioner's objection and it says that it's signed as approved. There are no indications as would be required by local rules and the Supreme Court for an agreed order to say this is not titled agreed order as would be required. It does not indicate that it's being entered as agreement. So it's not just using the face of the order, just using the rules and just kind of, which are all in line with just common sense of looking at this order. There's no indication that it's an agreement. And even beyond that, appellee's counsel at the hearing on the motion to vacate also agreed that it was an order resulting from the court's ruling. Counsel said, quote, the guardian ad litem made recommendations. Both parties argued that as you can see in the transcript. So the court ordered what the court ordered that day. Counsel went on to say, at the end in the judge's order, the judge said with regards to Roseanne, the counselor, we're going to go ahead and do that. And so essentially we all took that to mean exactly what was ordered, which is why it was approved. And the problem there is they're conflating approval as to form with agreement saying, if you agree that this is what the court said, that means it's an agreed order, which is conflating agreement as to substance with agreement. And the further problem is that the trial court also adopted this reasoning in error. The court said, quote, the court receives all the time or agreed orders that are not necessarily titled agreed order. But when it's an order that's signed by both parties, the assumption made by the court is that it is in fact agreed when an attorney signs their name as approved. This is not the standard under the rules or the Supreme Court or the case law as appellant's brief outlines for an agreed order or an order approved as to form. There has to be a distinction between these two types of orders. And the court improperly conflated it and failed to see that this was an agreement and absent an agreement that it was entered without procedural due process. So Ms. Thu is asking that this trial court decision be reversed and that the injunctive order be vacated. Okay. Thank you, counsel. This time then, there'll be the opportunity for Mr. Burke to present argument on behalf of Appellee. Thank you. And again, for the record, may it please the court, Darren Burke on behalf of the appellee. What we feel this appeal hinges upon is basically the analysis in this court's determination as to one basic issue. Whether the, what we have deemed the May order stemming from the March hearing is an agreed order or not. Because if it's an agreed order, that essentially resolves all of the appellant's claims in favor of the appellee. So it can only be, really, the order can only be one of two things. It can either be an agreed order or an order that was agreed or not. I think it's first important for this court to consider the procedural history of how the appellant brought this issue before the circuit court. The appellant did not mention in her brief, nor during oral argument, the style of the motion she filed. The motion was a motion brought pursuant to 501, specifically 750 ILCS 5 slash 501 D2. And in that motion, which is in the record on appeal, starting on page C32, specifically paragraph 11, is where she cites that authority. That provision states that if a party, with respect to a temporary order in a proceeding such as this, is seeking to have an order modified or vacated, they are entitled to notice and a hearing as to whether that order should be modified or vacated. So when the trial court was presented with the issue, basically the question posed to the appellant was, okay, everything that we're looking at here, I'm looking at transcripts, right? Because these are two different circuit court judges, which admittedly convolutes the issue, right? It was Judge Nordquist at the hearing in March. And then by the time we got to the January 2025 hearing on the motion to modify or vacate, it was Judge Amy Peterman, who is the current judge presiding the case. So Judge Peterman went back through the transcripts, which I believe were attached to the motion to modify or vacate, to determine what actually occurred at that hearing. And the judge's very reasonable question was, look, I understand. And it seems clear that Judge Nordquist did not specifically say on this date that I am finding that the party shall attend counseling with Ms. Oppmann and exclude seeing any other counselor. In fact, the guardian ad litem, this is clear from the record on appeal on that same date, specifically said, I believe on page 29 of the record of appeal from the transcripts that I am not asking that the court order this today. And then the guardian ad litem went on to indicate it may make sense based upon my concerns with the current counselor to address this issue before the next status hearing. And Judge Nordquist said, yes, I agree. So the issue that Judge Peterman was presented with upon presentment of appellant's motion to modify was, okay, I see what the party's discussed. I see a general agreement that this issue would be discussed. And then I see an order that was entered in May that resolves this issue. So how did we get there? What evidence do you have to show that this was not an agreed order? Because this is different than what the court said. And that's where the section 501 comes into play, the notice in the hearing, any questions about, you know, procedural due process, what issues were before the court or what were presented. That was the purpose of January 2025 hearing in the circuit court. And what my co-counsel and I found important and noteworthy is that Judge Peterman asked on no less than three specific occasions, if appellant or anybody was going to call the guardian ad litem or anyone to testify as to what happened with this order. And as we indicated in our appellant brief, Judge Peterman's concerns were, well, wait a minute, this is different. How did we get to the point? Why was Ms. Thew's counsel signing off on this order? If your contention is now is, that's now what was ordered. How did we get there? The judge was willing to entertain how they got there. But when it came to presenting witnesses, the only witness called was Ms. Thew through counsel who had no idea of the questions being asked. And what I mean by that is, she had no concept of the order in question. She said she had never received it. She said the GAO had never talked to her about anything. She said that her attorneys never talked to her about anything. And the trial court said, I found your testimony to be unreliable and unconvincing. Mr. Burke, I have a question for you. I noticed that I believe it was Judge Peterman, in a written order, explaining, writing the motion to dismiss, made reference to how Attorney Granger didn't testify and how the court wished she was here to speak to what actually occurred, but she was not presented as a witness. And for those reasons, among others, she was going to dismiss the petitioner's motion. What does this record show about the absence of Attorney Granger, her testimony in these proceedings? And what inference should we in the trial court draw from that? Well, pursuant to 501, it would be the appellant's burden to show basically whether an order was agreed or not, right? They're the ones seeking to have the order modified or vacated. So the basis here would be it's either not an agreed order, or there was some confusion about what the judge entered. So that's where I think it, or ordered, sorry. That's where then I think it's pertinent as to the absence of Attorney Granger's testimony, because we're interpreting this essentially as a contract, right? Which I think is what appellant referred to in her own brief. So it would make sense if we're having an evidentiary hearing on the issue as to whether there was a meeting of minds and understanding. To me, there could have been probably three potential witnesses that appellant should have called to meet the burden. It should have been Attorney Granger, as indicated by the court. It honestly should have been my partner, Attorney Baluch, trial counsel for the petitioner. And it probably should have been the guardian ad litem, Attorney Lawson as well, who was listed as a party on that 2024 order. Her signature line is blank. So to me, that poses a question of what was her involvement? What was her understanding? The guardian ad litem. The burden of proof or burden of persuasion on the motion to dismiss presented to Judge Peterman? We would have the burden on the motion to dismiss, certainly. And how should we consider the absence of Attorney Granger's testimony in that regard? That is, this is your motion to dismiss. Why didn't you call her? Right. And we did call the GAO, Your Honor, to address some of those same issues that were addressed. Meaning, how did that order get entered? And again, this was admittedly after a few requests by the trial court. So we did establish, and I believe the record on repeal was clear, the guardian ad litem testified as to, here's how we got to the March 20th, I believe, was the date status hearing. Here's why I said what I said. Here's what happened afterwards. And here's why we considered the issue resolved, because the parties commenced counseling with Ms. Oppmann. So we did present testimony from one of the parties listed on the order as to what occurred. Sorry, what occurred before, during, and after, and why. Go ahead. Continue. Thank you. And so with respect to that 501 hearing, again, with respect to a burden to show a modify or vacation of the order, what evidence was there to show that this isn't agreed to? And what I also think is pertinent, I think the trial court did a very good job of basically addressing the issue of, even though it was essentially what I would call a joint motion, a motion to modify or a motion to vacate, the trial court laid out, I believe, a very cogent and coherent record of why the ruling was made in a particular way. For example, with respect to the motion to modify, it was, okay, it's your burden of persuasion on this issue. So where is the indications that this order was not agreed? Again, how do we get from point A to point B? And with respect to the motion to vacate, because it was a, I'll say, voidable order, the trial court analyzed that as well. And they said it was untimely, for one reason being the existence of this, what we called in our brief, the July 2024 order, which I will touch on momentarily. And the trial court expressly indicated that, look, pursuant to the subsequent order entered, this issue has been resolved without objection from the parties. So essentially, I can't grant you any relief. And so we believe the trial court very clearly laid that out. And then that leads into the issue of what we focused heavily upon in our brief. And that was this issue of mootness and waiver, largely reliant upon the existence of this July 2024 order, which the parties do agree contains very similar, if not identical language to the challenged issue, or the challenged language or provisions, I should say, from the May 2024 order pertaining to seeking counseling with, or the parties obtaining counseling through Ms. Oppmann at the exclusion of any others. And the reason we feel that this issue was important is appellants certainly did, in the notice of appeal, indicate that their intent is to appeal both provisions of the, gee, sorry, May 2024 order and July 2024 order, which was the subject of their 501 motion to modify. However, when you read the pleadings, what we feel an important distinction is the appellant's argument is based upon a factual analysis as to why the May 2024 order stemming from the March court appearance should be vacated. And we feel that both overlooking the July 2024 order and the transcript from that hearing is important because it essentially gets to the mootness issue is unless you can also demonstrate separate and independently as to why this honorable court should also void or modify the July 2024 order, reversing the trial court's May 2024 order doesn't effectuate any effective relief for the appellant. And the July 2024 hearing is significant because, again, the same findings were made, and even though one of the issues on hearing was withdrawal of appellants then current counsel, Ms. Few was present along with her attorney, and there were statements from both the guardian and litem indicating specifically at the hearing on that day that the parties had been undertaking counseling with Ms. Oppmann. And then, and we feel this is a key part of this analysis, there is a statement from appellant's own counsel on page R29 of the record of appeal saying, suggesting that the next status hearing in August should be, one of the items should be parents are continuing to cooperate in counseling. So it's understandable to see why a third party examining this such as Judge Peterman would review all this or this reviewing court and say, okay, this issue based on the statements at this open status call, the parties were no longer considering this at issue. We believe that also addresses any potential due process concerns because appellant was requesting a status date on this particular issue considering that result. And with respect to due process, particularly one important point that was overlooked, but is in the record on appeal is these issues at this March 2024 status hearing that appellant contends were brought up seemingly in stanter or unprovoked by the guardian and litem, there's a reason that these came up, right? And the reason that these issues came up is because appellant's own counsel at the status hearing indicated, this is beginning on page five, or sorry, R5 of the record on appeal indicated that, yes, this is a status hearing, but we have an issue with the counseling. And then it was, we have a new issue of sexual abuse and allegations that we believe involves my client, the appellee. And then appellant's counsel said, I have a copy of that correspondence to Ms. Baluch, who was appellee's trial counsel and to guardian and litem, Ms. Lawson. And then we can circle back around on that. And Ms. Lawson jumped in immediately, the guardian and litem and said, this is not new information. I've already responded. This opinion is not credible. I've been trying to contact this person for a very long time. And so our general position there is I'm unaware of any authority, specifically with respect to procedural due process, where one party, in this case, the appellant can raise an issue at a status hearing. The GAL responds, gives a detailed report of their communication efforts and why this leads to their recommendation as to counseling. No suggestion or request is made to cross-examine and have that be a violation of procedural due process. Again, when appellant was the one that initiated the issue, the GAL simply responded when prompted by the court. And then there was no request to cross-examine or to even set the matter for a hearing. It just sort of happened. And now several months later, new counsel comes in and tries to re-litigate these issues that the parties were in agreement upon previously. And also with respect to procedural due process, I would again respectfully direct this court to section 501, which appellant's motion to modify or vacate was styled under. Notice in a hearing to determine whether a prior order or orders should be modified or vacated. That hearing was given and occurred in an opportunity to present testimony as to why. Any reason why any provisions of either of those orders should be modified or vacated occurred in January 2025. And the only witness that appellant chose to call was her own who seemed to be unaware of the circumstances why she was even present in court testifying. Again, there were numerous parties that could have been called based on the factual pattern in this case, and none of that was done. So when we're analyzing procedural due process, the general applicable standard and here codified by statute is notice in a hearing. There appeared to be some confusion at the hearing where appellant indicated a desire to, I would like to have an RSAC counselor testify as to essentially why they feel the child should continue counseling with them. And our response to that is the time to do that was when you were seeking to have that order modified at the January 2025 hearing. In other words, if you are arguing that the court didn't properly consider testimony or your client's position, and so that provision should be modified to either revert to the prior status quo or counseling should revert to RSAC, then the time to do that was at the January 2025 hearing for which there was notice in the hearing, but they did not do so. And so in conclusion, Your Honor, we would simply ask that the prior decisions of the trial court issue and this appeal be sustained in their entirety. Thank you. Thank you, counsel. Excuse me, Ms. Duncan, on behalf of the felons, you may have a vote of argument at this time. You're muted, Ms. Duncan. Thank you. Sorry. Thank you. The January hearing at issue was a motion to vacate the order entered without due process and in the alternative, modify it to what the court actually ordered that day, because in the transcript, there was some unclear language by the court as to whether this counseling recommendation was being ordered or whether it was being set over for agreement. But it appears from the record that what happened between this March 20th date and this May 15th date is that this order was entered as if this is what the court ordered. I don't know that having Ms. Granger or the attorney at the time present for the hearing on the motion to dismiss would have assisted in any way, because looking at how this procedural history went, this is just one of many orders where, as appellant did give more specifics in appellant's brief, one of many orders addressed without notice of what specific relief might be addressed, right based off of the GALs or whoever's comments or requests being made for the first time at the status call. And the only way Ms. Thu, more often than not, this is at Ms. Thu's detriment. And the only way Ms. Thu is acknowledged is that the order says over her objection. This happened with parenting time vacation issues. This happened with changing the parenting exchange. Even looking at the May order and then the July order that reiterates the injunctive language. I have two questions. The first is, it seems to me a big part of the issue on appeal is what did Attorney Granger's signature or in the notice by the trial judge that she was agreeing to the entry of this order with whatever limitations or understanding she had. This is an important issue and I don't understand how you can say that her testimony on that subject, since she's the person who entered it, wouldn't be helpful. It seems to me the trial court is entirely correct. Gee, I wish I would have heard from her. What did she think was going on and why did she indicate what she did? And we don't have that and what inference should this court draw from the fact we don't have that testimony? Well, I think if there was any indication this might be an agreed order, it would have been helpful to have Ms. Granger's testimony, but there really is no indication. Well, the trial court said it was an agreed order, didn't it? The trial court said that orders that are entered and signed by attorneys as approved are agreed orders, but that is not correct. I'm talking about the original trial court that said this was an agreed order, even though there was some with the objection of counsel. I'm not sure what that means, but it seems to me that's something that we needed an explanation for and I don't understand why Attorney Granger didn't testify. Well, I think if Attorney Granger signed an order that says I agree to this and now we're saying this was not agreed, then it would be necessary to explain why she would sign an agreed order that's not agreed. But it's not an agreed order. It's an order that is the result of the court proceeding. Everything on the order is indicated that it's the result of a court proceeding and that's also what counsel argued on that same day. The problem is that counsel conflated an order that signed as approved with an agreed order and the court accepted that reasoning, which is incorrect. Another question. You heard Mr. Burke argue that at the hearing, apparently it was Ms. Granger raised the question about new information concerning, I guess, the counseling regarding this child and said at the status hearing this is of some concern. And it was at that point that the GAL responded, no, this is not new and gave a fairly lengthy statement, which was essentially in rebuttal to what Attorney Granger was saying. Yet, if I understand correctly, you're complaining now that that was improper, that you didn't have any notice, that you should have been able to cross-examine if you wanted to the GAL. But given that Attorney Granger raised it and the GAL responded, what kept Attorney Granger from doing any of that, from asking to cross-examine the GAL or to pursue it further? What kept her from doing that? Well, I think it's not exactly correct to that because Ms. Granger raised this issue of the counselor's letter reporting allegations of abuse, that it's the same as raising the issue of counseling. And bringing up that there's new information relevant to the GAL's investigation, I think it's different than expecting the GAL to give a recommendation that you're hearing for the first time right then and there and be expected to respond to what that recommendation might be in real time. And I think, you know, the GAL also said that she didn't speak to this counselor, but yet she's making recommendations based on her previous review of what the letter said and previous, you know, investigation about the allegations. But if Ms. Thu has the right to object to the GAL's recommendations, she has the right to ask for a hearing where the court hears from the guardian ad litem about her investigation in a full, you know, written report or a full proper report prepared for a hearing that is to address the relief requested, where Ms. Thu could come prepared with her position and evidence in support of her position. And I don't think that anyone generally expects that kind of, that at a status call. A status is, this is where we are at the case. If something needs to be heard, then you set it for hearing. And- Ms. Thompson, your time is up. Thank you for your presentation and argument, Mr. Burke as well. The court will take this matter under advisement. This written decision will enter into due course and will stand in recess at this time.